IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TORREY LEWIS,

    Petitioner,               No. CIV S-07-1100 GEB DAD P

    vs.

JOHN F. SALAZAR, et al.,

    Respondent.            <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a Board of Parole Hearings decision denying him parole. Petitioner originally filed his application with the U.S. District Court for the Southern District of California. The Southern District then transferred the case to this court, reasoning that even though the Central District and the Eastern District have jurisdiction over the action, the parole hearing in question was held at Mule Creek State Prison in the Eastern District, so the Eastern District is the more convenient forum to hear the challenge.

        At the time the instant action was filed petitioner was confined in Chuckawalla Valley State Prison in Blythe, California, located in Riverside County and within the jurisdictional boundaries of the Central District. He remains confined at that institution at this

/////

1

Dockets.Justia.com

1  time.  Although petitioner's parole hearing took place within the confines of the Eastern District,
2  venue is proper where the petitioner is confined.[1]
3       Accordingly, in the furtherance of justice, IT IS HEREBY ORDERED that this
4  matter is transferred to the United States District Court for the Central District of California.  <u>Id.</u>
5  at 499 n.15; 28 U.S.C. § 2241(d).
6  DATED: June 15, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

10  DAD:9
    lewi1100.108a

---

[1]  It is the undersigned's belief that district courts in California have determined that the proper venue for a habeas challenge to a state parole decision is the district of the petitioner's incarceration at the time the petition is filed.

2